Isaac Taylor *against* Patterson, Adm'r of Hamilton.

Error *to Johnson Circuit Court.*

A covenant whereby A sells B an improvement on public land, and covenants to prove up a pre-emption right to it, and convey to B, and to deliver possession within twenty days from the date of the contract, and B covenants to make A a deed for another tract, (which A was at the time cultivating for B's benefit), so soon as he could get a right from government, with further covenants, that if B failed to do so, he was to re-deliver possession of the first tract to A, and receive from him the second tract; that if the pre-emption right was affected by this sale, B was to pay A $50 for labor done on the tract previous to the contract; and that if B failed to make the deed, each should pay rent to the other; B from the date of the contract, and A for the time while in possession, and each should pay the other for improvements made during the time. These covenants are not dependent or mutual and concurrent, but independent.

Upon the covenant, that A " will make a warrantee deed as soon as he can get a right from government," a breach, that he has not made such deed, nor hath he procured any title from government, is not good.

And in setting out a breach of such a stipulation, an averment of special request is necessary, and its omission is fatal on demurrer.

Isaac Taylor brought an action of covenant in the court below, against Abner A. Hamilton, on a covenant, of which the tenor is as follows: Taylor has bargained and sold to Hamilton his pre-emption right to the fractional quarter he lives on, with all his improvements and appurtenances belonging thereto; which pre-emption right Taylor is to prove up according to law, as is allowed him under the act of 1829, and convey to Hamilton, his heirs or assigns. Taylor also agrees to give Hamilton peaceable possession of the same as a rentor, in twenty days from date, *for which* Hamilton agrees to make Taylor a warrantee deed, as soon as he can get a right from government to the quarter section adjoining, below the fraction which Taylor lives on, which Taylor is now improving under Hamilton's direction. In case Hamilton fails to make Taylor a right to his quarter section, as soon as a right can be had from government, then Hamilton is to return Taylor his old possession, with rent from date, after Taylor allowing him a fair price for any additional improvement, and Hamilton is to take the new improvement, and pay Taylor a fair price for his

labor done on the quarter section, and have a fair rent for its use while Taylor has it in possession. In that case, Taylor will owe Hamilton $50, for work done by him on the improvement. In case Taylor's pre-emption right is affected by his moving off the fraction and giving Hamilton possession as a rentor, then Hamilton shall lose the benefit of the pre-emption. Sealed by each, and dated November 24, 1835.

The declaration states the covenant as follows: That Hamilton covenanted to make a warrantee deed, as soon as he could procure a title from government, and if he failed to do so, then to return him his old possession, with rent from the date: and that Hamilton was to pay Taylor a fair price for his labor done on the quarter section, in consideration of which Taylor covenanted to sell and convey to him his pre-emption right and improvements, and to prove up the pre-emption right, and to give him possession as a rentor in twenty days.

The declaration then avers, that he did give possession, and prove up his pre-emption right, and has been always ready, and yet is, to convey to Hamilton the fractional quarter section, that he went on the quarter section agreed to be sold him by Hamilton, and theron has expended a vast quantity of labor in improving and building, to the value of four hundred dollars.

It then avers, as a breach, that Hamilton has not made him a warrantee deed, or procured any title from the government, or paid him any rent, or paid him for building and improvements.

Oyer having been craved and granted, Hamilton demurred to the declaration, and his demurrer was sustained, and final judgment rendered on the demurrer.

TAYLOR, for plaintiff in error:

The covenants are mutual and concurrent, to be performed at the same time; and it was not necessary for the plaintiff to aver the execution of a conveyance, or any other act as a condition precedent performed. 1 *Ch. Pl.* 313; *Bennett vs. Ex'rs of Pixley*, 7 *J. R.* 249; *Obermeyer vs. Nichols*, 6 *Bing.* 159; 1 *Saund. R.* 320 *n;* 10 *East* 555, 563; 12 *East* 369; 1 *Camp.* 53; 10 *East* 295; 6 *Com. Dig.*

*Pleader C.* 50, 51, 52, 53, 54; 10 *J. R.* 90, 266; 5 *T. R.* 409; 1 *Camp.* 377, 378, 389.

The covenants on the part of Hamilton were conditions precedent, and are so alleged in the amended declaration; which of course, in that state of the case, required no other averment but the breach, as there was no oyer upon the demurrer to the amended declaration, to show the contrary.

WALKER and PIKE, *Contra:*

This is an action of covenant brought in the court below, by the plaintiff in error. As appeared from the covenant declared upon, when given on oyer, the parties seemed to have agreed to make a mutual exchange of the tracts of land. Neither party had obtained title to his tract—Taylor claiming a pre-emption, and Hamilton not having obtained a patent. Taylor being already in possession of Hamilton's land, it was agreed that he should give Hamilton possession of *his* land, prove up his pre-emption thereto, and convey the land to Hamilton—*for which* Hamilton was to make him a deed for his, Hamilton's land. If, however, Hamilton should fail to make such a deed, after obtaining title to the land, then the parties were to re-exchange, each party taking his own land, each party paying rent to the other, from the date of the covenant, up to the time of re-exchange, and each party being paid for improvements made by him in the mean time on the land of the other. By this covenant, the first act to be performed, devolved upon the plaintiff; various mutual dependant duties then devolved on each party. The declaration did not allege a performance of the various conditions precedent by the plaintiff to be performed, nor any excuse for non-performance, nor the whole consideration on which the defendant's covenants were founded. The demurrer of the defendant to the plaintiff's original declaration having been sustained, the plaintiff by leave amended. The defendant demurred to the amended declaration, which was liable to the same objections, and the demurrer was again sustained, and final judgment was thereupon rendered for the defendant. The plaintiff assigns for error the judgment of the court sustaining the demurrer.

Taylor *against* Patterson, Adm'r of Hamilton.

The defendant in error contends that the demurrer to the declaration was rightly sustained by the court below.

*First*—because there is variance between the covenant given on oyer and that declared on. The declaration states, that, in consideration of the covenant of Hamilton, Taylor made all the covenants on his part. This is not only a variance, but a most material one, for it makes all of Taylor's covenants to be conditions subsequent, whereas some, at least, of them, are conditions precedent. The slightest variance in so material a matter, will be fatal on demurrer.

The declaration states that it was covenanted, that in case Hamilton should fail to make Taylor a title to his quarter section of land, so soon as he should obtain title from goverment; in that case Hamilton was to return to Taylor his old possession, with rent from the date of the covenant. The covenant, as it appears on oyer, is, that he was to return the old possession, with rent from the date of the covenant, *after Taylor allowing him a fair price for any additional improvements made, &c.* By the covenant, therefore, this payment of rent was not to accrue and become a duty, until *after* the plaintiff had allowed him a fair price for additional improvements made. To omit this clause was a material omission, a material variance between the instrument declared on, and that given on oyer. Even if it were not a condition precedent, it *is* at least a material qualification of the defendant's covenant, and its omission is a fatal defect.

The declaration states that Hamilton was to pay Taylor a fair price for his labor done on said quarter section; whereas the covenant was, that Hamilton was to pay such fair price, *and have* a fair rent for the use of the same, while Taylor should have had the same in possession. This is likewise a material omission and a variance.

The covenant is, that Taylor was to prove up his pre-emption right, and convey to Hamilton, his heirs and assigns. The declaration does not contain any certain and sufficient description of this part of the covenant, but, in legal contemplation omits a material portion of it, to wit: the covenant for conveyance.

*Third*—because there are conditions precedent, stated in the covenant, to be done on the part of the plaintiff, and because neither per-

formance of such conditions precedent, nor any excuse for non-performance, is shown.

The covenants contained in the instrument given on oyer, may be divided into two classes or sets, which we will consider separately. The first is, that Taylor had sold Hamilton a certain pre-emption right and improvement, which pre-emption right he was to prove up, and convey to Hamilton, his heirs and assigns, and to give Hamilton peaceable possession of the same as a rentor in twenty days from the date of the covenant. *For which,* Hamilton was to make Taylor a warrantee deed, as soon as he could get title from the government, for a certain quarter section of land. Is there not, here, a condition precedent to be performed by Taylor? He was to do certain acts for which Hamilton was to do certain other acts. Is not Taylor's covenant all a condition precedent? It was in consideration of the performance thereof by Taylor, that Hamilton was to perform his part. Taylor was already in possession of Hamilton's premises, and therefore had already received consideration sufficient for putting Hamilton in possession of his improvement. The words "for which," cannot, therefore, be construed to extend and apply only to the latter clause of this part of Taylor's covenant, to wit: That he would put Hamilton in possession; that he would do so, would not be consideration sufficient to bind Hamilton, having already given Taylor possession of his quarter section, to go on and make him a title also. Nor is this construction unjust. It was as fair that Taylor should first convey, as that Hamilton should do so. The latter had already taken the first step, by giving possession. The parties therefore, contracted that Taylor should take the next step, by making a deed, *for which,* Hamilton was also bound to convey. The conditions in this part of the covenant are clearly mutual and dependent. The parties meant to exchange lands, one tract for the other. Hamilton having given possession, Taylor was to do the same. Each was to obtain title from the government and convey. There are no technical words, which make a condition precedent or subsequent, but it depends on the good sense and plain understanding of the contract. If it appear by the agreement that the plain intent of either party was to have the thing to be done to him, performed before his doing what he has underta-

Taylor *against* Patterson, Adm'r of Hamilton.

ken, performance must be averred. It is clear that these parties intended their covenants to be mutual and dependant. *Barnes vs. Madan*, 2 *J. R.* 145; *Green vs. Reynolds*, *ib.* 207; *Cunningham vs. Morrell*, 10 *J. R.* 203; *Jones vs. Gardner*, *ib.* 266; *Gazley vs. Price*, 16 *J. R.* 267; *Hardin vs. Kretsinger*, 17 *J. R.* 293; *Robb vs. Montgomery*, 20 *J. R.* 15; *Alexander's Executors vs. Mann*, 6 *Mon.* 361; *Conn vs. Lewis*, 5 *Lit.* 66.

There should, therefore, have been in the declaration in this case, either an averment of conveyance, or of an offer to convey, and a refusal by Hamilton to convey. To aver a *readiness* to convey, is not sufficient. It is never sufficient, except when the power to perform, of the person averring, depends on the other party. *West vs. Emmons*, 5 *J. R.* 179. This averment of performance, or of an offer to perform, must be specific and certain. *Alexander vs. Wales*, 6 *Mon.* 325; *Read vs. Cisney*, 4 *Lit.* 137.

Lord Mansfield said, in *Kingston vs. Preston*, *Doug.* 689, that, "When covenants are mutual and concurrent, the plaintiff must aver that he was ready and offered to perform, and defendant neglected or refused to do so."

So Lord Holt said, in *Callonel vs. Briggs*, 1 *Salk.* 113, that, "though there be mutual promises, yet if one thing be the consideration of the other, there a performance is necessary to be averred, unless a certain day be appointed for performance." And see *Thorpe vs. Thorpe*, 1 *Salk.* 171. *Lock vs. Wright*, 1 *Str.* 571; *Collins vs. Gibbs*, 2 *Burr.* 899; *Green vs. Reynolds*, 2 *J. R.* 207.

The rule is now conclusively settled, that, " Where the covenants on one side go *to the whole consideration* of the covenants on the other, they are *mutual* and *dependant* covenants, and performance must be averred." *Dakin vs. Williams*, 11 *Wendell*, 67; *Duke of St. Albans vs. Shore*, 1 *H. Bla.* 270; *Pordage vs. Cole*, 1 *Saund.* 320 *n.; Goodison vs. Nunn*, 4 *T. R.* 761; *Campbell vs. Jones*, 6 *T. R.* 570; *Glazebrook vs. Woodrow*, 8 *T. R.* 366; *Hall vs. Cazenove*, 4 *East* 484; *Kendall vs. Talbot*, 2 *Bibb* 614; *McCall vs. Welsh*, 3 *Bibb* 290; *Baker vs. Legrand, Lit. Sel. Cas.* 253; *Shephard vs. Hubbard*, 1 *Bibb* 494; *Carter vs. Woolright*, 1 *Marsh.* 585; *Pollard vs. McClain*, 3 *Marsh.* 25; *Goldsborough vs. Orr*, 8 *Wheat.* 217; *Hopkins vs. Young*, 11 *Mass.*

304; *Acherby vs. Vernon, Willes* 157; *Reab vs. Moore,* 19 *J. R.* 327; *Gardiner vs. Corson,* 15 *Mass,* 500; *Couch vs. Ingersoll,* 2 *Pick.* 292.

The second part of the covenant refers to a time considerably subsequent to the first part. If Hamilton should fail to make title to Taylor, so soon as he should obtain title from the government, then he was to return Taylor's land to him, and pay him rent from the date of the covenant, after Taylor had allowed him a fair price for such improvements as he should have made. Here the allowance of the price and value of improvements made, are clearly a condition precedent to the payment of rent by Hamilton. He was not bound to pay the rent, until after Taylor should allow him a fair price for improvements. Is there any averment either of such allowance, of an offer *to allow,* or even of readiness to allow? None. The declaration is clearly defective.

There is but one other clause to be considered. Hamilton bound himself to take the new improvement, and pay Taylor a fair price for the labor he should have done thereon, *and* have a fair rent paid him by Taylor for the time the latter had been in possession. The parties were to be put in *statu quo.* Each was to return the land which had been exchanged, and each was to pay rent and be paid for his improvements. Was Hamilton bound to pay Taylor for labor done, until Taylor either paid or offered to pay him the rent? Of course not; yet nothing of the kind is averred. The covenants are all clearly mutual and dependant, and performance, or an offer *to* perform, must be averred.

*Third*—there is no sufficient breach. Hamilton's covenants were briefly as follows: He was to convey as soon as he obtained title from government. If he failed to do that, he was to pay rent, pay for labor done, and return Taylor's place *to* him. It is averred in the breach that he did not convey, nor did he procure title from the government. He was not bound to make title until he could procure title from the government, and therefore it was no breach that he had not conveyed, unless he had either procured the title from government, or neglected to do so when in his power. A man cannot procure a patent when he pleases.

It is a general principle that where one breach is well assigned, it

is sufficient. In this case there is but one breach. The covenant must have been wholly broken, before there was a breach, and therefore if any part of the breach is bad, the whole is bad. Suppose Hamilton had simply refused to convey. There was still no breach, because by the covenant he had the alternative in his power, to give back the land and receive his own again, paying rent, &c. Suppose he had simply refused to pay rent, or to pay Taylor for his labor. It is clear that this would be no breach unless he had first failed to convey, when in his power—because if he had not so failed, he was not bound to pay rent, &c. In order therefore to make a complete breach, it should have been alleged—first, that Hamilton had refused to convey, when he had it in his power so to do, and second, that after such failure and refusal, he also refused to pay rent, &c. The obligations raised by the latter part of the covenant did not accrue until Hamilton should fail to convey, after having obtained title from the government. As it is not averred, either that he had obtained title from the government, and yet had not conveyed, nor, that being able to obtain such title from government, he had failed and refused so to do, no breach is alleged.

As the plaintiff therefore, neither alleged that the defendant had broken, nor that he himself had kept the covenants, the demurrer to his declaration was properly sustained.

The rules of pleading in this case clearly subserve the ends of justice. The nature of the contract, as it appears from the covenant, clearly shows that neither party intended to do an independent act in the matter. That each was to convey to the other were mutual acts—that in case of failure to convey, each was to pay rent to the other, and a fair price for his labor, were mutual acts, and to be performed at one and the same time. Does any one suppose that Hamilton was bound to pay Taylor rent for one place, and a price for his labor on another, unless Taylor should offset the rent and price of labor which he was bound to pay?

The demurrer having been put in in apt and proper time, and having been by the court below rightly sustained, the judgment of the court below must be affirmed—which is respectfully submitted.

Taylor *against* Patterson, Adm'r of Hamilton.

DICKINSON, J., delivered the opinion of the court:

Taylor sold his improvement upon which he claimed a pre-emption right under the act of eighteen hundred and twenty-nine, and covenants to prove up the pre-emption, according to law, and convey it to Hamilton. He was also to deliver him possession of the improvements within twenty days from the date of the contract. And Hamilton was to make Taylor a warrantee deed for an adjoining quarter section, (which Taylor was, at this time, improving for the benefit of Hamilton,) as soon as he could get a right from government. If Hamilton failed so to do, he was to re-deliver the possession of the fractional quarter to Taylor, and receive from him that of the quarter section. If the pre-emption right was affected by the sale, he was to pay Taylor the additional sum of fifty dollars for the labor done on the quarter section, previous to the contract. It was further covenanted that, in the event of a failure on the part of Hamilton to make the deed, each party should pay rent to the other. Hamilton from the date of the contract, Taylor while in possession, and each to pay the other for improvements made during the time.

The contract is ambiguous, but such is the only reasonable and common-sense construction, that can be given, to carry into effect the intention of the parties. The covenants cannot be dependent; the performance of the one does not depend upon the performance of the other, for Taylor covenants that he has a pre-emption right, and that he will prove up and convey it. Whereas, Hamilton only agrees that he will convey so soon as he can procure a title from government. The period for the performance of one, may arive before it is possible that the other can contract; therefore, it is not a prior condition, that Hamilton shall convey first. They are not mutual and concurrent, because the first act is contemplated to be done by himself, by proving up and conveying the pre-emption. They must, therefore, be independent, and either may recover damages for a breach of the covenant in his favor, and the non-performance of one, is no excuse for the other.

The whole question turns upon the breach, which must be governed

Taylor *against* Patterson, Adm'r of Hamilton.

by the nature of the stipulation. It should be assigned in the words of the contract, or in words co-extensive with the import and meaning of it, if, in so doing, a distinct breach is thereby shown, but must not vary from the substance and effect of it. The covenant is, " That Hamilton will make a warrantee deed as soon as he can get a right from government; and upon this covenant the whole question turns. The breach is, "That he did not make the plaintiff a warrantee deed to the quarter section, in said covenant mentioned; nor hath said defendant procured any title from government for said quarter." There is no allegation in the declaration, that Hamilton has ever procured the title, or of his inability to do so, in consequence of the land not being subject to sale, or that it was owned by another person; or that he neglected and refused to procure the title when he could have done so; and, it is therefore, clearly insufficient. Nor is there any notice of request. In all cases where actual notice of any fact is necessary, or a special request is, either by the terms or by the nature of the contract, the condition of the liability, such notice in the one case, and such request in the other, must be specially averred in the declaration. *Com. Dig. Pl. C.* 69, 73; 14 *East* 500; 5 *T. R.* 409.

For without such averments, no complete right of action can appear from the declaration. The want of such a special averment is also fatal. When such an averment is necessary to be stated, the general averment, although often requested, is not sufficient. 1 *Saund.* 33, *n.* 2; *Wallis vs. Scott;* 1 *Strange,* 88; that being but matter of form. As the declaration shows neither a sufficient breach, nor a special averment of request, the judgment is affirmed.